UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:03-cr-0110 JAM KJN P |
| Respondent, | (No. 2:16-cv-3069 JAM) |
| v. | |
| VINCENT JACKSON, | FINDINGS AND RECOMMENDATIONS |
| Movant. | |

I. Introduction

Movant is a federal prisoner, proceeding without counsel, with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant raises two claims: (1) "predicates used in this case are not violent felonies," citing Johnson v. United States, 135 S. Ct. 2551 (2015) and (2) "[f]elonies in California are now misdemeanors per Proposition 47."[1] (ECF No. 145 at 3.) Respondent filed a response; movant did not file a reply. As discussed below, the undersigned recommends that petitioner's motion be denied.

II. Background

Movant was convicted by a jury of, *inter alia*, conspiring to possess methamphetamine with intent to distribute and multiple counts of possession of methamphetamine with intent to

---

[1] Proposition 47 is the Safe Neighborhoods and Schools Act, Cal. Penal Code § 1170.18.

1

distribute. United States v. Jackson, 154 F. App'x 670 (9th Cir. 2005). Movant was sentenced to life in prison. (ECF No. 80.) Movant appealed. The Court of Appeals for the Ninth Circuit affirmed the conviction, but vacated movant's sentence and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). (ECF No. 104.) Following remand, the district court re-imposed a life sentence. (ECF No. 117.) Movant appealed, but on January 4, 2009, the Ninth Circuit affirmed the sentence. (ECF No. 125); United States v. Jackson, 308 F. App'x 194, 195-96 (9th Cir. 2009).

III. Standards

If a defendant in a federal criminal case collaterally challenges his conviction or sentence, he must do so pursuant to 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, a court may grant relief to a defendant who challenges the imposition or length of his incarceration on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A defendant must allege specific facts that, if true, entitle him to relief. See United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004); United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003) (citation omitted).

IV. Johnson Claim

Without providing any specifics, movant contends that "predicates" used in this case are not violent felonies. Respondent counters that movant was not convicted of any violent felony, and no aspect of his sentence depended upon a determination that he committed a "violent felony" or a "crime of violence." (ECF No. 153 at 3.)

In Johnson v. United States, the Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague and a violation of the Due Process Clause. Johnson, 135 S. Ct. at 2557.

Here, movant points to no felony conviction for a "violent felony" or "crime of violence," or any other aspect of his sentence that was based on such determinations. Rather, all of

movant's convictions were drug-related.  Accordingly, Johnson does not apply.  See Chavez-Ramirez v. United States, 2016 WL 6634866, at *2 (D. Haw. Nov. 8, 2016) ("Johnson is simply inapplicable when a sentence did not rely on any definition of 'violence' or 'violent.'"); Tran v. United States, 2017 WL 3379177 (D. Haw. Aug. 3, 2017) (same).

V. Proposition 47 Claim

Movant claims that felonies in California are now misdemeanors, but he fails to identify any California felony conviction that was reduced to a misdemeanor under Proposition 47, or that any prior California felony was used as a sentencing enhancement to his conviction.  Respondent argues that in any event, movant is not entitled to relief under binding Ninth Circuit authority. (ECF No. 153 at 3.)

Respondent is correct.  Movant's claim fails under United States v. Diaz, 838 F.3d 968 (9th Cir. 2016).  In Diaz, the Ninth Circuit held that Proposition 47 does not retroactively make a defendant's felony conviction a misdemeanor for purposes of federal law.  Diaz, 838 F.3d at 975; see also United States v. Vazcones, 2017 WL 1321309 at *3 (S.D. Cal. Apr. 7, 2017) (same). Even if movant sustained a felony drug conviction reclassified as a misdemeanor under California law, such reclassification cannot be retroactively applied under federal law.  Thus, movant's claim under Johnson must be dismissed.

VI. Conclusion

IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 145) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-3069 JAM.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 20, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jack0110.257