UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:03-cr-0110 JAM KJN P |
|---|---|
| Respondent, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| VINCENT JACKSON, | |
| Movant. | |

I. <u>Introduction</u>

Movant, proceeding pro se, filed a motion styled, "Motion for the Application of the Fair Sentencing Act and Amendment[s] 782 and 788, Request for Reduction of Sentence Pursuant to [18 U.S.C. §] 3582(C)(2)." (ECF No. 156 at 1.) Subsequently, movant filed a writ of audita querela under 28 U.S.C. § 1651, and on July 15, 2019, movant filed a document captioned "Amended," asking to amend his prior motion to seek correction of his sentence pursuant to his writ of audita querela. (ECF Nos. 160, 161.) The amended motion was docketed as an amended motion to reduce sentence under the First Step Act.

The amended motion was not brought under the First Step Act. Thus, it is unclear whether movant intended to abandon his prior motion and pursue only his claims in his writ of audita querela and "amended" motion. Nevertheless, the court will address all of the movant's filings, and directs the Clerk of the Court to change the docket entry.

1

II. Background

On November 3, 2003, following jury trial, movant was convicted of conspiracy to possess with intent to distribute and to distribute methamphetamine (Count 1); possession of methamphetamine with intent to distribute (Counts 2, 3, 4, 6, 7, 8, 10, 11, 12); maintaining a place for the purpose of distributing methamphetamine (Count 9); and possession of cocaine with intent to distribute it (Count 13). (ECF No. 80 at 2.)

The Presentence Investigation Report ("PSR") set movant's base offense level at 38 due to "the estimated total quantity of methamphetamine distributed was 457 kilograms, the quantity of cocaine distributed as 453.6 grams and after converting the methamphetamine and cocaine to marijuana, the total amounts to 914,090.7 kilograms of marijuana." (PSR ¶ 23.) The final guidelines range was life in prison. (PSR at 24.)

On February 12, 2004, movant was sentenced to life in prison. (ECF No. 75.) Judgment was entered on February 23, 2004. (ECF No. 80.)

Movant filed an appeal, and on December 19, 2005, the Court of Appeals for the Ninth Circuit remanded the case for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). (ECF No. 104.) Following remand, the district court re-imposed a life sentence on December 14, 2006. (ECF No. 116.) The amended judgment and commitment was filed on January 8, 2007. (ECF No. 117.)

On December 14, 2006, movant filed an appeal. (ECF No. 115.) On January 14, 2009, the appellate court affirmed. (ECF Nos. 125); United States v. Jackson, 308 F. App'x 194, 195-96 (9th Cir. 2009) (holding, *inter alia*, that district court was not required to find that sentencing enhancement was supported by proof beyond a reasonable doubt, and enhancement for use of a deadly weapon was warranted).

On May 8, 2009, the United States Supreme Court denied movant's petition for writ of certiorari. (ECF No. 127.)

On June 26, 2016, movant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (ECF No. 145.) He raised two claims: (1) "predicates used in this case are not violent felonies," citing Johnson v. United States, 135 S. Ct. 2551 (2015), and (2) "[f]elonies in

2

California are now misdemeanors per Proposition 47," the Safe Neighborhoods and Schools Act, Cal. Penal Code § 1170.18. (ECF No. 145 at 3.) The § 2255 motion was denied on February 21, 2018. (ECF No. 155.)

III. Movant's First Motion

    A. First Step Act Claims

        1. Governing Standards

"[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law, implementing various reforms to the criminal justice system.

"[S]ection 404 is the only provision [of the First Step Act] that applies retroactively to defendants who have already been sentenced." United States v. Gonzalez-Oseguera, 2019 WL 1270916, at *2 (D. Haw. Mar. 19, 2019). Section 404(b) of the First Step Act "allows courts to retroactively reduce the sentence of offenders convicted of certain crack cocaine offenses" committed before August 3, 2010. See U.S. v. Keith Jones, 2019 WL 1586814, at *1 (M.D. Tenn. Apr. 12, 2019); United States v. Gonzalez-Oseguera, 2019 WL 1270916, at *2 (D. Haw. Mar. 19, 2019). If the offender was sentenced to a covered offense, the court may "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed. Fair Step Act, § 404(b). Section 404(c) of the Act confirms that any sentence reduction is solely within the court's discretion.

        2. Discussion

Here, as argued by respondent, movant was not convicted of a criminal offense involving crack cocaine. Rather, movant's criminal offenses involved methamphetamine and cocaine. Courts have denied relief where the First Step Act does not allow for relief of a defendant's specific conviction. United States v. Hunter, 2019 WL 1220311, at *2 (D. Conn. Mar. 15, 2019) (concluding that the Fair Sentencing Act did not modify the statutory penalties for crimes not specifically covered by the act, thereby denying the request for immediate release) (citing First

3

Step Act of 2018 ("the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.")).

Here, movant is serving a life sentence based on his 2007 conviction involving methamphetamine and cocaine. Because movant was not convicted of a crime that is a "covered offense" under the First Step Act, he is not entitled to a reduction in sentence.

B. <u>Amendments 782 and 788 to the Sentencing Guidelines</u>

Movant also seeks reduction of his sentence under Amendments 782 and 788.

Amendment 782 amended United States Sentencing Guidelines § 2D1.1 and § 2D1.11 effective November 1, 2014. <u>Id.</u> Amendment 782 "reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in § 2D1.1, and made parallel changes to § 2D1.11." <u>Id.</u> Amendment 788 to the Sentencing Guidelines made retroactive the application of Amendment 782. U.S.S.G. § 1B1.10.

As noted above, movant was sentenced based on his base offense level of 38. Despite the subsequent amendment, base offense level 38 remains at the top of the base offense levels:

> Drug quantities associated with base offense level 38 changed as a result of Amendment 782. The drug quantities were increased. For example, under the 2011 and 2013 guidelines, base offense level 38 applied to 1.5 kilograms or more of actual methamphetamine or 30,000 kilograms or more of marijuana. Under the 2014 and subsequent guidelines, base offense level 38 does not apply until one is responsible for 4.5 kilograms or more of actual methamphetamine or 90,000 kilograms or more of marijuana.

<u>United States v. Barragan</u>, 2019 WL 1645188, at *1 (D. Alaska Apr. 16, 2019). Indeed, the current drug quantity table for the base offense level of 38 provides for a minimum of 45 kilograms of methamphetamine or 450 kilograms or more of cocaine or 90,000 kilograms or more of marijuana. U.S.S.G. § 2D1.1(c)(1). Here, movant was found responsible for distributing 457 kilograms of methamphetamine. (PSR ¶ 23.) Thus, movant's conviction involved over ten times the minimum amount of methamphetamine under base level 38, far exceeding the drug quantity levels increased by Amendment 782. Therefore, movant is not entitled to a reduction in sentence based on such amendment.

4

C. Title 18 U.S.C. § 3582(c)(2)

Movant also seeks reduction of sentence based on 18 U.S.C. § 3582(c)(2).

Title 18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826-27 (2010). First, the court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced. 28 U.S.C. §§ 994(o), (u). Second, the court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); Dillon, 560 U.S. at 826-28.

Sections 401 and 404 of the First Step Act of 2018 made statutory changes which do not result in any guideline offense level changes. Section 402 of the Act effects changes in 18 U.S.C. § 3553(f); however, Section 402 only applies prospectively.[1] Because the amendments to § 3553(f) do not make the safety valve available to movant, his total offense level is not changed. Movant cites no statute amendment or modification of Sentencing Commission guidelines that would give rise to a base offense level lower than 38. Movant's base offense level remains 38 because movant was responsible for 457 kilograms of methamphetamine, far more than the 45 kilograms of methamphetamine set forth in U.S.S.G. § 2D1.1(c)(1).

Because no guideline amendment declared retroactive by the Sentencing Commission results in a reduction in movant's base level offense, the undersigned need not address the second step of the inquiry under Dillon. "[Section] 3582(c)(2) does not authorize a sentencing or resentencing proceeding," but rather empowers district courts to "'reduce' an otherwise final

---

[1] In addition, Section 402 of the Act did not amend § 3553(f)(4) which disqualifies a defendant who was an "organizer, leader, manager, or supervisor of others in the offense" from use of the safety valve. Thus, even if those changes made the § 3553 safety valve available to movant, his total offense level would not change based on U.S.S.G. § 2D1.1(b)(17).

5

sentence" under very narrow circumstances -- such reduction is "not a plenary resentencing proceeding." Dillon, 560 U.S. at 825-26.

IV. Writ of Audita Querela and Supporting "Amended" Motion

A writ of audita querela was a common law writ issued "to afford relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution." United States v. Fonseca-Martinez, 36 F.3d 62, 63-64 (9th Cir. 1994) (per curiam) (internal quotation marks and citation omitted). The Supreme Court found that courts "may issue writs lacking an express statutory basis pursuant to their general authority to issue common law writs under the All Writs Act, 28 U.S.C. § 1651(a)." Fonseca-Martinez, 36 F.3d 64 (footnote omitted).

However, "the writ of audita querela is only available to a [moving party] who alleges that a legal defect in his conviction or sentence arose after the judgment was entered." Doe v. Immigration and Naturalization Servs., 120 F.3d 200, 203 (9th Cir. 1997). The writ is unavailable to those who seek it on purely equitable grounds. Id. at 204. Importantly, the writ of audita querela is not available for claims that could have been raised by a motion under 28 U.S.C. § 2255. See United States v. Gamboa, 608 F.3d 492, 495 (9th Cir. 2010) (common law writs permitted only to extent they fill "gaps" in statutory post-conviction relief); Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."). A prisoner may not circumvent AEDPA's second or successive motion requirements simply by labeling the motion as something other than what it is. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that was in substance a habeas petition "should be treated accordingly.")

Because movant previously filed a § 2255 motion, and his writ of audita querela and the "amended" motion seek to correct his sentence, movant must first move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. "A second or successive motion must be certified as provided in section 2244 by a
////

panel of the appropriate court of appeals." 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3). In order to obtain such an order from the Ninth Circuit, movant must demonstrate:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).

Therefore, movant's writ and subsequent "amended" motion should be dismissed without prejudice to the refiling of a § 2255 motion upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

V. Conclusion

IT IS HEREBY ORDERED that the Clerk of the Court is directed to amend docket entry ECF No. 161 to read "motion to correct sentence pursuant to movant's writ of audita querela (ECF No. 160)."

Further, IT IS HEREBY RECOMMENDED that:

1. The motion for reduction of sentence (ECF No. 156) be denied; and

2. The writ of audita querela (ECF No. 160) and the "amended" motion (ECF No. 161) be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after

service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 20, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jack0110.257