UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:03-cr-0110 JAM KJN P |
| Respondent, | |
| v. | ORDER |
| VINCENT JACKSON, | |
| Movant. | |

Movant is a federal prisoner, proceeding without counsel.¹ Movant has requested the appointment of counsel to assist movant in filing a motion to modify his life sentence under 28 U.S.C. § 3582(c)(1)(A), also known as a motion for compassionate release.²

---

¹ Movant's prior motion under 28 U.S.C. § 2255 was denied by the district court on February 21, 2018.  (ECF No. 155.)  On October 11, 2019, the district court denied the prior motions to reduce sentence under the First Step Act and Amendments 782 and 788 to the Sentencing Guidelines, and dismissed his writs of audita querela.  (ECF No. 167.)

² Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, modify or reduce a defendant's term of imprisonment, after he has exhausted his administrative remedies, if "considering the factors set forth in [18 U.S.C.] section 3553(a)," the court finds, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  United States v. Ng Lap Seng, 2020 WL 2301202, at *7 (S.D.N.Y. 2020).  As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction.  United States v. Holden, 2020 WL 1673440, at *3 (D. Or. 2020).  In considering a motion for compassionate release, courts consider the factors set forth in § 3553(a), such as:  the nature and circumstances

Movant was convicted by a jury of, *inter alia*, conspiring to possess methamphetamine with intent to distribute and multiple counts of possession of methamphetamine with intent to distribute, and sentenced to life in prison. (ECF No. 154 at 1.) Movant was found responsible for distributing 457 kilograms of methamphetamine. (ECF No. 165 at 4.) On appeal, his case was remanded for re-sentencing; in 2007, the district court re-imposed a life sentence, which was affirmed following appeal. (ECF No. 154 at 2.)

Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2255 Proceedings. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that movant's motion for appointment of counsel (ECF No. 168) is denied.

Dated: October 1, 2020

/jack0110.207

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the need to avoid unwarranted disparities. Id.